El Pueblo de Puerto Rico, demandante y apelado, *v.* Marcelino Hidalgo, acusado y apelante.

No. 3704.—*Sometido:* Enero 22, 1929. *Resuelto:* Febrero 21, 1929.

*José J. Acosta y Acosta,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Marcelino Hidalgo fué denunciado en la Corte Municipal de Guayama como autor de una violación a la sección 3, Título 2do. de la Ley Nacional de Prohibición, consistente en transportar a sabiendas, voluntaria e ilegalmente en su automóvil una lata conteniendo cinco galones de ron, dos botellas de vino moscatel, dos botellas de crema de cacao, seis botellas de brandy, seis botellas de vino y dos botellas de anís.

Juzgada la causa en la corte municipal se apeló para ante la de distrito, y celebrado en ésta un nuevo juicio fué condenado el acusado a pagar $25.00 de multa o en su defecto un día de cárcel por cada dólar que dejare de satisfacer. · No conforme aún, apeló el acusado para ante esta Corte Suprema señalando en su alegato la comisión de dos errores.

█ Por el primero sostiene que debió haberse declarado con lugar una moción de sobreseimiento que presentó al comenzar el nuevo juicio en la corte de distrito, basada en que habían transcurrido más de 120 días a partir de la última suspensión. El fiscal se opuso a la moción alegando como causa justa para no haberse celebrado la vista dentro del término de 120 días tanto las ocupaciones de la corte cuanto la ocurrencia del ciclón de San Felipe que fué de tal magnitud que por algún tiempo alteró la marcha normal en· el despacho de los asuntos de la corte. Y basándose en esa causa la corte declaró sin lugar la moción.

A nuestro juicio no cometió error la corte sentenciadora. · Como dice el fiscal de la Corte Suprema en su alegato no

consta la fecha de la última suspensión que era el punto de partida para comenzar a contar los 120 días a que se refiere la ley que se ha considerado aplicable a estos casos. Sólo puede deducirse de las manifestaciones del juez al resolver la moción que el término había vencido seis días antes del en que se celebró el juicio. Y si se tiene en cuenta que de lo manifestado por el secretario de la corte, llamado a declarar por el propio abogado del acusado, resulta que la corte para terminar sus casos llamó un término especial dentro de sus propias vacaciones que comenzó el cuatro de septiembre de 1928 y que fué interrumpido por la calamidad indicada ocurrida el 13 del propio mes de septiembre, se verá que hubo justa causa para celebrar el juicio el 12 del siguiente octubre.

■ Por el segundo señalamiento se sostiene que la corte erró al apreciar la prueba, ya que no se demostró en modo alguno por ella que el acusado conociera que se transportaba licor en su automóvil.

No hay duda alguna que para poder castigar a una persona por el delito de transportar licores se necesita demostrar que conocía la existencia de los mismos. Veamos si la prueba practicada en este caso cumple con ese requisito.

Que el acusado guiaba el automóvil y que en él se transportaban licores, no se discute. La prueba de cargo demostró además que el 13 de diciembre de 1927 un policía insular que se encontraba de servicio en Guayama vió al acusado guiando un carro por la calle de Derkes de dicha ciudad yendo sentado a su lado Pedro Rodríguez; que el carro paró frente a un casino y vió al acusado desmontarse, tomar un paquete, subir al casino y regresar; que en el momento en que el acusado se acercaba de nuevo al carro y recibía de manos de Rodríguez otro bulto el policía se interpuso y lo ocupó resultando contener los licores a que se refiere la denuncia, y que además había dentro del carro "un latón de

esos de gas lleno como de ron'' a que también la denuncia se refiere. Las botellas que contenían los licores estaban dentro de un saco.

Por el acusado declararon Rodríguez que se había confesado culpable anteriormente como el dueño de los licores y que dijo que él asumía toda la responsabilidad, otro testigo, *manager* del Casino, y el propio acusado que aseguró que no sabía que el saco contenía licores y que el primer bulto que llevó al casino era de viandas.

A nuestro modo de ver las circunstancias son tales que demuestran el conocimiento por parte del acusado. No es posible pensar que no supiera lo que había en la lata o latón dado como éste se encontraba y en el saco cuya naturaleza permitía conocer su contenido.

Siendo esto así, tampoco se ha cometido el segundo de los errores señalados, *y debe, en tal virtud, confirmarse la sentencia recurrida.*